**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| KEITH MORRIS,                )<br>)<br>   Plaintiff,            )<br>)<br>   vs.                      )<br>)<br>UNITED PARCEL SERVICE, INC., *et al.*,  )<br>)<br>   Defendants.            ) | Case No. 1:24-cv-00200-MTS |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of the file. The Court finds that Defendant United Parcel Service, Inc. ("UPS")'s Notice of Removal does not establish this Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("[W]e have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). For the reasons that follow, the Court will require Defendant UPS to file an amended Notice of Removal.

\*

This action arises out of a deadly multi-vehicle collision that occurred in Southeast Missouri. Plaintiff originally filed suit on October 26, 2023, in the 127th District Court of Harris County, Texas. As administrator for the estate of Raina Jamerson and "on behalf of all wrongful death beneficiaries," Plaintiff brought negligence claims against Defendant Jesse Jimenez, now deceased, who drove a tractor trailer that collided with Jamerson's vehicle during the accident and killed her. Doc. [64]. On January 3, 2024, Plaintiff amended his petition to assert negligence

claims against five additional Defendants: (1) Ryder Truck Rental, Inc., (2) FedEx Corporation, (3) FedEx Ground Package Systems, Inc., (4) UPS, and (5) Freeway Logistics, Inc.  Plaintiff seeks survival, wrongful death, and exemplary damages from all Defendants.  Doc. [65] at 18.  On February 6, 2024, Defendant UPS removed this action to the United States District Court for the Southern District of Texas, invoking federal subject-matter jurisdiction under 28 U.S.C. § 1332(a).  Doc. [1].  However, the case was transferred to this Court after the Southern District of Texas was found to be an improper venue.  Doc. [57] at 14; *see* 28 U.S.C. § 1406(a).

Defendants may remove to federal court civil, state-court actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  As relevant here, United States district courts have original subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. §§ 1332(a)(1).  When jurisdiction is based on diversity under § 1332(a), the removing party must "set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).  And, as has long been the case, the removing party must allege the diversity of the parties both at the time of removal and at the time of filing in state court.  *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "at the time of commencement" in state court); *Stevens v. Nichols*, 130 U.S. 230, 231–32 (1889); *see also In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) ("[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.") (citation omitted).

As ever, the "party seeking removal has the burden to establish federal subject matter jurisdiction." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014). Defendant UPS's Notice fails to satisfy this burden in at least two ways. First, the current Notice alleges the parties' respective citizenships only at the time of removal. *See, e.g.*, Doc. [1] ¶ 5 ("Defendant FedEx Corp. *is* a foreign company with its principal place of business in the State of Tennessee." (emphasis added)). This is insufficient. *See Phoenix Ins. Co. v. Pechner*, 95 U.S. 183, 186 (1877) (finding removal improper where defendant stated plaintiff's citizenship as of the date of removal without "stating affirmatively that such was his citizenship when the suit was commenced").

Second, the Notice fails to sufficiently allege the citizenship of the corporate Defendants in this matter. Although "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), the current Notice generally fails to allege the states where the corporate Defendants are incorporated, *see, e.g.*, Doc. [1] ¶¶ 4–7 (stating only that each Defendant is "a foreign company" with principal places of business in certain states). This is also insufficient.[*] *See Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) (citations omitted) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business. Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity.").

---

[*] The Court notes that subsequent pleadings and other papers in the record provide more information about the corporate defendants' respective citizenships. *See, e.g.*, Doc. 3 ¶ 3 (admitting that the state of incorporation of Defendant Ryder Rental, Inc. is the state of Florida). However, none of these subsequent representations or allegations establish the parties' diverse citizenship at the relevant points in time, that is, both at the time of removal and at the time of filing in state court.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, this Court must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Defendant UPS has not met its burden. If Defendant UPS can establish this Court's subject matter jurisdiction, it must file an Amended Notice of Removal doing so. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend a notice of removal). Failure to establish the Court's subject matter jurisdiction in an Amended Notice of Removal will result in remand. *See* 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant UPS shall file an Amended Notice of Removal no later than **Monday, December 30, 2024**.

Dated this 18th day of December 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE