UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:24-cv-00200-MTS |
| | ) |
| UNITED PARCEL SERVICE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the operative complaint in this matter, Plaintiff Keith Morris's First Amended Petition. Doc. [65]. For the reasons that follow, the Court will grant Plaintiff leave to file a Second Amended Complaint within thirty days. In anticipation of Plaintiff's amended complaint, the Court will also deny without prejudice, as moot, Proposed Intervenors Tomonikia Coburn and Jamille Newson's Motion to Intervene, Doc. [28], and Defendant Ryder Truck Rental Inc.'s Motion for Summary Judgment, Doc. [38].[1]

\*

On March 17, 2022, Raina Jamerson was traveling on Interstate 57 in southeast Missouri. She was the backseat passenger of a Kia Forte driven by Tomonikia Coburn and allegedly navigated by Jamille Newson. Amidst a thick layer of fog, the vehicle crashed into

---

[1] Should Ryder Truck Rental, Inc. refile its Motion for Summary Judgment following Plaintiff's Second Amended Complaint, it must follow the Eastern District of Missouri Local Rules that govern the filing of motions and their corresponding memoranda. *See, e.g.*, E.D. Mo. L.R. 4.01(E) (requiring a Statement of Uncontroverted Material Facts to accompany every memorandum in support of a motion for summary judgment).

a United Parcel Service, Inc. ("UPS") truck that had jack-knifed across the roadway. After a series of collisions by two FedEx trucks, the Kia was cast into a nearby embankment. There, it was struck by a tractor trailer owned by Freeway Logistics, Inc. and driven by Jesse Jimenez, a Texas citizen. That final collision killed both Jesse Jimenez and Raina Jamerson. Doc. [57].

Keith Morris, as administrator of Jamerson's estate and "on behalf of all wrongful death beneficiaries," filed suit against Jimenez in the 127th District Court of Harris County, Texas. He asserted both survival and wrongful death claims pursuant to sections 71.004(c) and 71.021 of the Texas Civil Practice and Remedies Code. Doc. [65] ¶ 41. Morris successfully petitioned for a writ of *scire facias* in Texas state court compelling Andrew Jimenez, Jesse Jimenez's heir, to appear as a substitute litigant. Andrew Jimenez answered Plaintiff's initial complaint on December 27, 2023.

On January 03, 2024, Morris amended his state-court petition to name five additional corporate defendants: Ryder Truck Rental, Inc. ("Ryder"), FedEx Corporation ("FedEx"), FedEx Ground Package Systems, Inc. ("FedEx Ground"), UPS, and Freeway Logistics, Inc. ("Freeway"). Doc. [5] ¶¶ 2–6. UPS subsequently removed the action to the United States District Court for the Southern District of Texas, Doc. [1], and both FedEx and FedEx Ground moved to dismiss the action arguing that the district court lacked personal jurisdiction and that the Southern District of Texas was an improper venue, Doc. [4]. In response, Plaintiff filed a Second Amended Complaint naming Tomonikia Coburn and Jamille Newson as Defendants. Doc. [5]. As Wisconsin and Illinois citizens, respectively, Coburn and Newson's joinder defeated the district court's diversity jurisdiction under 28 U.S.C. § 1332(a), and Plaintiff moved to remand the action to Texas state court on that basis. Doc. [18]. In the alternative,

Coburn and Newson sought leave to intervene under Federal Rule of Civil Procedure 24 and assert their own claims against the corporate defendants. Doc. [28].

In the meantime, UPS moved the district court to strike the Second Amended Complaint and find Coburn and Newson improperly joined. Doc. [17]. In addition, Freeway made its own motion to dismiss for improper venue, Doc. [44], and Ryder moved for summary judgment under the Graves Amendment, arguing that, because "Plaintiffs have neither alleged nor produced any evidence to support an allegation that Ryder committed an independently negligent or criminal act," any liability against it is barred. Doc. [38] at 6; *see* 49 U.S.C. § 30106(a).

On September 30, 2024, the district court entered an order that resolved many of these pending motions and transferred the action to this District. Doc. [57]. First, the court struck Plaintiff's Second Amended Complaint on the ground that it was improperly filed without the court's permission. Doc. [57] at 7; *see* Fed. R. Civ. P. 15(a)(1). Further, because their joinder would defeat subject matter jurisdiction, the court denied Plaintiff leave to name Coburn and Newson as defendants. Doc. [57] at 9; *see Hegsens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987) (establishing four relevant factors regarding the joinder of parties that would destroy diversity jurisdiction). The court also found that Andrew Jimenez was an improperly substituted defendant under Federal Rule of Civil Procedure 25. Doc. [57] at 12.

Lastly, the court ruled that the Southern District of Texas was an improper venue because none of the properly named defendants resided in the district, and it was not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Doc. [57] at 13; *see* 28 U.S.C. § 1391(b)(1)–(2). The court agreed with Defendants that the Eastern District of Missouri was a proper venue, and it found that it was in the interest of

justice to transfer the action here pursuant to 28 U.S.C. § 1406(a). Doc. [57] at 15. In response to the parties' arguments concerning personal jurisdiction, the Texas court decided to allow this Court to resolve the matter, but it observed that a "court may exercise specific [personal] jurisdiction in a suit arising out of or related to the defendant's contacts with the forum," *id.* at 14 n.6 (citing *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)), and that "Missouri would be the only venue with specific jurisdiction over any of the corporate defendants," *id.* at 13 n.5.

When a case is transferred under § 1406(a) due to an improper forum, such a transfer "calls for application of the law of the transferee court, beginning with its choice-of-law rules." *Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014) (internal quotations omitted). Because this case is a diversity action, Doc. [18] at 1, this Court must "apply the choice of law rules of the state in which it sits." *Penney v. Praxair, Inc.*, 116 F.3d 330, 333 n.4 (8th Cir. 1997); *Scheerer v. Hardee's Food Sys., Inc.*, 92 F.3d 702, 708 (8th Cir. 1996) (explaining that when jurisdiction is founded on diversity, district courts in Missouri "look to Missouri choice of law rules to determine which body of substantive law to apply"). And since "[t]he conduct, the accident, and the injury in this case occurred in Missouri . . . this [C]ourt must apply Missouri substantive law because Missouri has the most significant relationship to the accident and the parties." *Rill v. Trautman*, 950 F. Supp. 268, 271 (E.D. Mo. 1996) (citing *Horn v. B.A.S.S.*, 92 F.3d 609, 611 (8th Cir. 1996) (noting that "Missouri courts apply 'the most significant relationship test' found in the Restatement (Second) of Conflict of Laws")).

Having found that Missouri law must apply to this action, the operative complaint in this matter fails to state a claim under that substantive law which Plaintiff's petition exclusively cites. It is true, of course, that a complaint need not cite law or develop legal theories. *Johnson*

*v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam) (explaining that the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted"); *see also Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) (explaining that "matching facts to a legal theory was an aspect of code pleading interred in 1938 with the adoption of the Rules of Civil Procedure").  But where a plaintiff chooses to do so, and does so erroneously, the error should be corrected.  *See Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (citing the wrong statute need not be a fatal mistake, provided the error is corrected); *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) (explaining that "specifying an incorrect theory is not a fatal error"). Allowing Plaintiff the opportunity to file an amended complaint that removes the Texas law based legal theory will be helpful in this complex case.[2]

      For these reasons, the Court will grant Plaintiff leave to amend.  *See Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004) (district courts "may *sua sponte* grant leave to amend"); *see also, e.g.*, *Carter v. Transp. Workers Union of Am. Loc. 556*, 353 F. Supp. 3d 556, 582 (N.D. Tex. 2019); *cf. Garlick v. Quest Diagnostics Inc.*, 309 F. App'x 641, 643 (3d Cir. 2009) (noting the courts of appeals "have the inherent authority sua sponte to order a district court to grant a plaintiff leave to amend her complaint where portions of the pleading are less than pellucid in ways that frustrate application of the relevant law").

---

[2] This is especially so because of the knock-on effects that Missouri law will have on the case going forward. *See Kivland v. Columbia Orthopaedic Grp.*, 331 S.W.3d 299, 307 n.8 (Mo. banc 2011) (noting that a "single plaintiff no longer can bring both a survival action and a wrongful death action"); *see also Finney v. Nat'l Healthcare Corp.*, 193 S.W.3d 393, 395 (Mo. Ct. App. 2006) ("The wrongful death claim does not belong to the deceased or even to a decedent's estate.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff has leave to file a Second Amended Complaint, consistent with this Memorandum and Order, no later than **February 20, 2025**.

**IT IS FURTHER ORDERED** that Proposed Intervenors Tomonikia Coburn and Jamille Newson's Motion to Intervene, Doc. [28], is **DENIED** without prejudice, as moot.

**IT IS FINALLY ORDERED** that Defendant Ryder Truck Rental, Inc.'s Motion for Summary Judgment, Doc. [38], is **DENIED** without prejudice, as moot.

Dated this 21st day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE