UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEITH MORRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:24-cv-00200-MTS |
| UNITED PARCEL SERVICE, INC., *et al*., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Keith Morris and Defendant United Parcel Service, Inc.'s Joint Petition for Approval of Wrongful Death Settlement. Doc. [77]. For the reasons that follow, the Court will deny the Petition without prejudice.

\*

Raina Jamerson died in a multi-vehicle crash that occurred in southeastern Missouri on March 17, 2022. Plaintiff Keith Morris ("Morris") originally filed this action in Texas state court to pursue survival and wrongful death claims against those allegedly at fault. He did so as the administrator of Jamerson's estate and "on behalf of all wrongful death beneficiaries," citing Texas statutory provisions applicable to his claims. The lawsuit was subsequently removed to the United States District Court for the Southern District of Texas and then transferred to this Court, pursuant to 28 U.S.C. § 1406(a), because the Southern District of Texas was an improper venue.

On February 02, 2025, Morris and Defendant UPS filed a Joint Petition seeking this Court's approval of their wrongful death settlement, citing Missouri Revised Statues §§ 537.080 and 537.095 as well as Missouri Supreme Court Rule 52.03. Doc. [77] at 1. Morris

seeks approval on behalf of Randy Jamerson and Charis Cole, the surviving parents of Raina Jamerson. *Id.* According to the Petition, the two parents "are members of the first class of persons entitled to bring" a wrongful death action in Missouri, *see* Mo. Rev. Stat. §§ 537.80, and moreover, they are the only known parties who have standing to bring such an action. Doc.[77] ¶¶ 3, 9 (citing Mo. Rev. Stat. § 537.095).

Each of these parties have agreed to (1) a Release of All Claims and Indemnity Agreement and (2) a Distribution of Proceeds. *Id.* ¶ 13. They ask the Court to authorize Morris to negotiate and execute the settlement on behalf of Charis Cole and Randy Jamerson because, as the administrator or Raina Jamerson's estate, he "has standing to bring suit in the State of Texas . . . [and the parties] have agreed that Keith Morris may retain his role as plaintiff in the immediate litigation." *Id.* ¶ 5.[1] Finally, the parties ask the Court to follow a suggested procedure by which both the Release and Distribution documents will be presented at a forthcoming hearing, "removed from the Court file," remain confidential, and "be maintained in the custody of defense counsel." *Id.* ¶ 13. The Court will deny the parties' Petition at this time, without prejudice, for three reasons.

*First*, in Missouri, "[a]ny party authorized to bring a wrongful death action under section 537.080 may reach a settlement on behalf of all claimants and seek trial court approval of the settlement." *J.A.L v. Lambert*, 682 S.W.3d 424, 426 (Mo. Ct. App. 2024). Section 537.080 authorizes certain relatives of a decedent to maintain a wrongful death action, including (1) the decedent's spouse, children, or parents, and (2) if there are no individuals in

---

[1] The Court notes that Plaintiff filed an Amended Complaint in this action on February 14, 2025, and although still listed in the caption, Keith Morris is no longer named as a party. Doc. [78] ¶¶ 1–8. Of course, this Amended Complaint "supersedes [the] original complaint and renders the original complaint without legal effect." *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 922 (8th Cir. 2023) (cleaned up).

the prior group, the decedent's brother, sister, or their descendants.  Rev. Mo. Stat. § 537.080(1)–(2).  A plaintiff ad litem may bring a wrongful death action, but only when there are no individuals in either of the categories above.  *Id.* § 537.080(3).  Per the parties' joint Petition, at least two individuals, namely Randy Jamerson and Charis Cole, occupy the first class.  Therefore, they are the parties authorized to bring—and settle—this wrongful death action under Missouri law.  *See J.A.L*, 682 S.W.3d at 426.  Morris cannot do so.

Still, Morris seeks leave to effectuate the settlement on behalf of Randy Jamerson and Charis Cole pursuant to Supreme Court of Missouri Rule 52.03.  This state-court rule of civil procedure mirrors Missouri Revised Statute § 507.020, which states, in part, "whenever a claim exists under the law of another state, action thereon may be brought in this state by . . . the person or persons entitled to the proceeds of such a clam if . . . they are authorized to bring such action by the laws of said other state."  *Accord* Mo. Sup. Ct. R. 52.03.  Morris argues that he is "authorized to bring [this] action by the laws of [another] state" because Texas law permits the executor of a decedent's estate to maintain a wrongful death action under certain circumstances applicable here.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.004(c).  Therefore, the argument goes, Rule 52.03 and § 507.020 permit Morris to proceed in this matter as Texas law would permit him.

This argument is misplaced.  The Supreme Court of Missouri has explained that § 507.020 is "a legislative declaration of comity" whereby Missouri courts are permitted to hear and resolve claims "existing by reason of the law of another state."  *Elliot v. Johnston*, 292 S.W.2d 589, 593 (Mo. 1956).  In other words, these provisions empower Missouri courts to hear and resolve claims brought before them, regardless of whether they must apply Missouri law or the law of another state when doing so.  *See Powell v. State Farm Mut. Auto*

*Ins. Co.*, 245 S.W.3d 864, 865 (Mo. Ct. App. 2008) (citing § 507.020 and explaining, for example, that if a party "has an actionable claim under Illinois law, she may bring it in Missouri"). Whether a claim exists under the law of another state is essentially a choice of law question that is answered by determining which state's substantive law applies to the claim. *See Wilson v. New Prime, Inc.*, 565 S.W.3d 255, 257 (Mo. Ct. App. 2019) (referring to Rule 52.03 and determining that the law of Oklahoma applied to a wrongful death action).

"Missouri cases have consistently held that 'the substantive law of the state in which the fatal injury occurred should apply to the cause of action for wrongful death.'" *Id.* (quoting *Thompson v. Crawford*, 833 S.W.2d 868, 870 (Mo. banc 1992)). This Court determined as much in its prior Memorandum and Order when it found that Missouri had the most significant relationship to the multi-automobile accident that is the basis of this lawsuit. Doc. [76] at 4; *see Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. banc 1969) (adopting the most significant relationship test as set forth in the Restatement (Second) on Conflict of Laws); *see also Schneider v. Quintana Energy Servs., LLC*, 691 S.W.3d 738, 743 (Tex. App. 2024) (acknowledging that Texas courts apply the same test). Therefore, the wrongful death claim that the parties wish to settle exists under Missouri law, not Texas law, and the claim must proceed as the Missouri wrongful death statute requires. The Court cannot authorize Morris to settle a wrongful death claim that Missouri law does not authorize him to bring.[2]

*Second*, Missouri law permits a court to approve a wrongful death settlement "provided adequate notice is provided to all potential claimants." *J.A.L*, 682 S.W.3d at 427. The parties'

---

[2] The fact that the parties have agreed to let Morris settle this claim is of no moment because, while the parties' agreements might serve to contractually bind *them*, their agreements "neither bind the court nor change the law." *See* Scott Dodson, *Party Subordinance in Federal Litigation*, 83 Geo. Wash. L. Rev. 1, 22 (2014).

representations on this point are ambiguous. On the one hand, Morris acts "on behalf of all wrongful death beneficiaries, *including but not limited to* Randy Jamerson and Charis Cole," Doc. [77] at 1 (emphasis added), and the Petition is careful to state that the two parents are "members of the first class of persons entitled to bring an action" pursuant to the Missouri wrongful death statute, "and there are no individuals with a *superior* right to make a claim," *id.* ¶ 3 (emphasis added). These statements leave room for additional class-one members to whom notice must be given—or at least "diligently attempted"—before the Court could approve the parties' settlement. *See* Mo. Rev. Stat. § 537.095. For example, it may be true that no other individuals have a right that is superior to Randy Jamerson and Charis Cole, but all class-one members possess an equal right as wrongful-death claimants under § 537.080. Thus, these statements appear carefully crafted to leave open the possibility of additional, unidentified class-one members.

On the other hand, the parties state that "there are no other known parties with standing to sue under Missouri's wrongful death statute outside of . . . the decedent's surviving parents." Doc. [77] ¶ 9. The Court takes this statement to mean that there are no class-one wrongful death beneficiaries other than Randy Jamerson and Charis Cole. But, if true, the Court does not understand the need for the parties' additional open-ended statements recited above. Therefore, any renewed petition for settlement approval must affirmatively identify each individual belonging to class one as specified in § 537.080 and, if necessary, describe the measures taken to give those individuals notice of the parties' settlement.

*Third*, the Court will not follow the procedure the parties describe as it relates to the confidentiality of their settlement papers. This is not to say that their confidentiality cannot be maintained, but to do so, the parties must follow the process set forth in Local Rule 13.05. *See*

- 5 -

E.D. Mo. L. R. 13.05 (establishing the procedure by which confidential documents are filed with the Court and, if appropriate, maintained under seal).  The Court will not review and approve documents that are not part of the record.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant UPS and Plaintiff Keith Morris's Joint Petition for Approval of Wrongful Death Settlement is **DENIED** without prejudice.

Dated this 19th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE