UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CHARIS COLE, et al.,                )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )        No. 1:24-CV-00200-CMS
                                    )
FEDEX CORPORATION, et al.,          )
                                    )
        Defendants.                 )
                                    )

**MEMORANDUM AND ORDER**

On June 18, 2026, Plaintiffs filed a Motion for Sanctions (Doc. 176) requesting the Court sanction Defendant FedEx Corporation ("FedEx") for discovery violations. With leave of Court, Plaintiffs filed a sealed Memorandum in Support of Plaintiffs' Motion for Sanctions (Doc. 177) with sealed exhibits. Upon Order of the Court (Doc. 183), Plaintiffs filed a redacted version of the Motion and unsealed exhibits (Docs. 185, 186).

**BACKGROUND**

*Procedural History*

On October 28, 2025, Plaintiffs emailed the Court and Defendant FedEx requesting that the Court hold an informal discovery conference regarding a discovery dispute with FedEx. The Court set an informal telephone conference for December 11, 2025, at which it set the boundaries of discovery requests by Plaintiffs. *See* (Doc. 157).

Following the informal discovery conference, on February 11, 2026, Plaintiffs filed their Motion to Compel Defendant FedEx's Discovery Responses (Doc. 162) for

1

FedEx's failure to comply with the discovery parameters set by the Court. After full briefing of the Motion, the Court set an in-person hearing on the record for April 7, 2026. (Doc. 166). At that hearing, (Doc. 169) ("Tr."), the Court granted Plaintiffs' motion in part and ordered FedEx to, in relevant part, certify by April 17, 2026, which "MyGroundBiz" and safety documents (including "Safety Above All" materials) could not be produced by FedEx. (Tr. at 42-43); *see also id.* at 34 (setting date of April 17, 2026, for certification that documents cannot be produced). The Court further ordered FedEx to produce any documents capable of production by May 7, 2026. *Id.* at 43. Finally, the Court warned FedEx that failure to comply with its Order could result in sanctions. *See id.* at 44.

Then, on June 6, 2026, Plaintiffs filed their Motion for Sanctions (Doc. 176) with a Memorandum in Support (Doc. 177), which are currently before the Court. Plaintiffs request sanctions under Fed. R. Civ. P. 37(b)(2), (c), (e) and Fed. R. Civ. P. 26(g) for FedEx's failure to comply with the Court's April 7, 2026, Order. Specifically, Plaintiffs allege FedEx falsely certified that it could not produce certain documents on April 17, 2026, and then produced responsive documents after the Court's deadline of May 7, 2026, on the last day of discovery, and even after discovery had closed. (Doc. 176). Plaintiffs request, "[a]t a minimum," the following sanctions: require FedEx to pay Plaintiffs' reasonable fees and costs associated with the discovery violations; require FedEx to provide sworn testimony regarding FedEx's efforts to comply with the discovery Order; "issue, evidentiary and inferential sanctions," including instructing the jury that FedEx willfully concealed evidence; strike FedEx's affirmative defenses;

2

prohibit FedEx from designating certain documents as confidential; and impose further relief as necessary. (Doc. 177 at 15).

On July 2, 2026, FedEx filed its Memorandum in Opposition to Plaintiffs' Motion for Sanctions (Doc. 187). Finally, on July 9, 2026, Plaintiffs filed their Reply to FedEx's Response (Doc. 188).

The Court will GRANT IN PART Plaintiffs' Motion for Sanctions (Doc. 176).

## LEGAL STANDARD

"If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under . . . Rule 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The Court has broad discretion as to which orders it will issue under Rule 37(b)(2)(A). *See Carmody v. K.C. Bd. of Police Comm'rs*, 713 F.3d 401, 405 (8th Cir. 2013).

Rule 37 enumerates an inclusive list of potential orders the Court may issue. The Court may issue orders:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

3

witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1)(C) allows this sanction to be imposed in addition to sanctions under Rule 37(b)(2).

Rule 37(c)(2) allows the requesting party to move for reasonable expenses, including attorneys' fees, incurred in proving that a document is genuine or a matter true when the non-moving "party fails to admit what is requested under Rule 36 . . . ."

Rule 26(g)(1) requires that at least one attorney must sign every disclosure made under Rule 26(a)(1) or (a)(3). By signing, the attorney certifies that, to the best of his knowledge, the disclosure is complete and correct. Rule 26(g)(1). If a certification violates Rule 26(g), the court "*must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Rule 26(g)(3) (emphasis added). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.*

## ANALYSIS

The Court stated its discovery Order on Plaintiff's Motion to Compel Discovery Responses (Doc. 162) on the record at the hearing. (Doc. 167); *see also* (Tr.). As part of its Order, the Court ordered FedEx to certify by April 17, 2026, that responsive documents did not exist, and to produce responsive documents by May 7, 2026. (Tr. at 42-43); *see also id.* at 34 (setting date of April 17, 2026, for certification that documents cannot be produced). The Court also warned FedEx it would consider sanctions for violations of its discovery Order. *Id.* at 44. Because FedEx violated the Court's discovery

4

order, the Court will grant in part Plaintiffs' Motion for Sanctions (Doc. 176) and impose sanctions on FedEx.

The parties agree that on April 17, 2026, FedEx certified that certain responsive documents did not exist. (Docs. 176 at 1; 177 at 2; 187 at 3). The parties further agree and/or FedEx does not contest that FedEx's certification was incorrect, FedEx did not produce responsive documents as required by May 7, 2026, Plaintiffs relied on FedEx's false certification in conducting discovery and depositions, and FedEx produced responsive documents on the last day of discovery and after discovery had closed. (Docs. 176 at 1-2; 177 at 2, 4-6; 187 at 4-5, 7). Plaintiffs allege that the late-produced documents revealed other documents and witnesses that remain unproduced and undisclosed. (Doc. 177 at 5).

FedEx admits "there were documents that were not located in the initial search" and that, more than a month after certifying that responsive documents did not exist and after the deadline for disclosure had passed, FedEx nonetheless produced responsive documents. (Doc. 187 at 7). For one egregious example, FedEx admits that it failed to timely disclose even the existence of Defendant Espericueta's co-driver, who was in the truck cab with Espericueta at the time of the vehicle collision central to this lawsuit. (Doc. 187 at 12).

Upon conceding, at least in part, its failures to comply with the Court's Order, FedEx retreats to the position that Plaintiffs "fail to consider the least severe sanctions," and proposes several lesser sanctions to alleviate the prejudice to Plaintiffs. (Doc. 187 at 13-14).

FedEx blatantly failed to follow the Court's Order. Rule 37(b) requires nothing more for the Court to impose sanctions. Given that the Court is not required to impose any particular sanction, the Court elects not to award the inferential sanctions requested by Plaintiffs. Thus, the Court will not impose "issue, evidentiary, and inferential sanctions" on FedEx. Nor will the Court strike FedEx's affirmative defenses.

Nevertheless, other sanctions are appropriate in light of the procedural history of this case, FedEx's failure to comply with the Court's discovery Order, and the resulting prejudice to Plaintiffs. FedEx's violation of the Court's Order has impeded Plaintiffs' ability to conduct adequate discovery, meaning discovery must be reopened, Plaintiff must be permitted to depose and/or re-depose witnesses, and remaining deadlines in the Court's Case Management Order must be re-set. Reasonable attorneys' fees and expenses are appropriate because FedEx's violations of the Court's Order and persistent non-cooperation with discovery requests have impeded judicial economy and required Plaintiffs to expend additional time and resources on discovery and discovery disputes, including the preparation of the current Motion for Sanctions and various associated pleadings.

The Court acknowledges that only some of these sanctions specifically are listed in Rule 37(b)(2)(A), but that list is inclusive, and the Court may "issue further just orders." Further, the award of Plaintiffs' attorneys' fees and expenses for preparation of the documents related to this Motion for Sanctions is justified under Rule 37(c)(2). These sanctions also are appropriate pursuant to the Court's inherent authority to manage the case.

6

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Sanctions (Doc. 176) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that on or before July 24, 2026, Defendant FedEx shall produce any and all responsive documents to Plaintiffs. Failure to do so will result in additional sanctions.

**IT IS FURTHER ORDERED** that Plaintiffs may depose and/or re-depose FedEx's corporate representative, Defendant FedEx's expert witnesses, the responding police officer, and any other witnesses Plaintiffs deem necessary. Defendant FedEx shall pay all of Plaintiffs' reasonable attorneys' fees and expenses associated with deposing and/or re-deposing any witness. The Court notes that, in its communications with this Court and its Response Memorandum in Opposition to Plaintiffs' Motion for Sanctions (Doc. 187), Defendant FedEx has offered to cure any prejudice to Plaintiffs by making witnesses and experts available to testify at Defendant FedEx's cost. (Doc. 187 at 14).

**IT IS FURTHER ORDERED** that Defendant FedEx shall not object to any supplemental reports produced by Plaintiffs' experts and shall pay all of Plaintiffs' reasonable attorneys' fees and expenses associated with the production of supplemental reports by Plaintiffs' experts. Defendant FedEx has offered to cure any prejudice by not objecting to any supplemental reports from Plaintiffs' experts at Defendant FedEx's cost. (Doc. 187 at 14).

**IT IS FURTHER ORDERED** that, if Plaintiff desires, Defendant FedEx shall provide Plaintiffs' counsel a virtual tour of the MyGroundBiz website. Defendant FedEx shall pay all of Plaintiff's reasonable attorneys' fees and expenses associated with a virtual tour of the MyGroundBiz website. Defendant FedEx has offered to cure any prejudice by providing Plaintiffs' counsel a virtual tour of the MyGroundBiz website at Defendant FedEx's cost. (Doc. 187 at 14). No negative inference shall be drawn from Plaintiffs' refusal of Defendant FedEx's offer to provide Plaintiffs' counsel a virtual tour of the MyGroundBiz website.

**IT IS FURTHER ORDERED** that, on or before July 24, 2026, Plaintiffs shall file with the Court a Proposed Scheduling Plan rescheduling discovery deadlines, including deposition deadlines and the completion of discovery; the timeframe for referral of the case to alternative dispute resolution; deadlines for filing dispositive motions and motions to exclude testimony pursuant to *Daubert* and *Kumho*; and the trial setting, as Plaintiffs see fit.

**IT IS FURTHER ORDERED** that Defendant FedEx shall pay all of Plaintiffs' reasonable attorneys' fees and expenses associated with the preparation and briefing of Plaintiffs' Motion for Sanctions (Doc. 176), including Plaintiff's Memorandum in Support of Plaintiffs' Motion for Sanctions (Doc. 177); Motion for Leave to File Under Seal (Doc. 179); Sealed Memorandum in Support of Motion for Leave to File Under Seal (Doc. 180); Sealed Memorandum Regarding Inability to File Redacted Document in Support of Motion for Leave to File Under Seal (Doc. 181); Redaction to Sealed Memorandum in Support of Motion for Leave to File Under Seal (Doc. 182); Sealed

8

Memorandum in Support of Motion for Sanctions (Doc. 184); Redaction to Motion for Sanctions (Doc. 185); Supplemental Regarding Motion for Sanctions (Doc. 186); Reply Memorandum in Support of Plaintiffs' Motion for Sanctions (Doc. 188), and Plaintiffs' anticipated Proposed Scheduling Plan.

**IT IS FINALLY ORDERED** that Defendant FedEx's failure to comply with this Order will result in additional sanctions.

Dated this 17th day of July, 2026.

 

 

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE